UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-12-611-6 |
| | § | |
| RUBEN ESPARZA; aka POPO | § | |

## MEMORANDUM OPINION AND ORDER OF DETENTION PENDING TRIAL

A detention hearing has been held in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f). The following requires detention of the defendant pending trial in this case:

(1) There is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(b)(1)(A); and

(2) The defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

A grand jury found that the evidence against the defendant meets the probable cause standard. The defendant faces a minimum ten years in prison if convicted on Count One. The findings and conclusions contained in paragraphs one through six of the Pretrial Services Report are adopted as the court's own. In addition, the court heard from the arresting agent, Charles McGuinnes, who testified to the defendant's gang membership, and though the defendant denied being a member of the Mexican Mafia, he did agree that he associated with members of that gang. Agent McGuinnes further

testified that on the date of the scheduled arrest, he called the defendant, who lied to the agent, stating that he was in Corpus Christi when in fact he was in Robstown. After the fugitive task force members knocked on the defendant's doors and windows and announced their presence and asked the defendant to come out of the house, the defendant refused to do so for over an hour and instructed others in the house not to let the agents inside.

The defendant's father Guadalupe Esparza, who owned the house where the defendant lived and was arrested, testified that he lived in the house and padlocked the door to his own bedroom to protect his belongings. Moreover, the defendant failed to produce an appropriate third-party custodian or co-surety. The defendant's father is not an appropriate third party custodian because he does not always stay at the Robstown home, and when he is not home, he padlocks his door to keep others out. The defendant's common–law wife is not an appropriate third party custodian because on the date of the defendant's arrest, one of the defendant's friends was arrested outside of her home for possessing drugs which were hidden at her house.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver

the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED this 17th day of October, 2012.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE